Thorobird Grand LLC v M. Melnick & Co., Inc. (2025 NY Slip Op 06266)

Thorobird Grand LLC v M. Melnick & Co., Inc.

2025 NY Slip Op 06266

Decided on November 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 13, 2025

Before: Kern, J.P., Friedman, Kapnick, Shulman, Hagler, JJ. 

Index No. 816972/22|Appeal No. 5160-5161|Case No. 2024-04087 2025-01617|

[*1]Thorobird Grand LLC, et al., Plaintiffs-Appellants,
v
M. Melnick & Co., Inc., Defendant/Counterclaim Plaintiff-Respondent, Federal Insurance Company, Defendant/Counterclaim Plaintiff, Bayport Construction Corp., et al., Defendants. 

Sheppard, Mullin, Richter & Hampton LLP, New York (Ira M. Schulman of counsel), for appellants.
Smith, Gambrell & Russell, LLP, New York (Michael R. Glanzman of counsel), for respondent.

Order, Supreme Court, Bronx County (Fidel E. Gomez, J.), entered on or about May 28, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment dismissing M. Melnick & Co., Inc.'s counterclaims for breach of contract (first and third counterclaims), wrongful termination of contract (second counterclaim), and breach of the duty of good faith and fair dealing (fourth counterclaim), unanimously affirmed, without costs. Order, same court and Justice, entered on or about February 11, 2025, which granted M. Melnick's motion for reargument and, upon reargument, modified its prior order to the extent of reinstating defendant's counterclaims for mechanic's liens and foreclosure on the mechanic's liens, unanimously affirmed, without costs.
Contrary to plaintiffs' contentions, M. Melnick is entitled to maintain its counterclaims for breach of contract. The terms of the parties' 2017 construction contract, the 2019 takeover agreement, and the completion contract, taken together, cannot reasonably be construed to provide that M. Melnick assigned to defendant Federal Insurance Company its rights to assert the counterclaims for breach of contract (see Vermont Teddy Bear Co. v 583 Madison Realty Co., 1 NY3d 470, 475 [2004]). Rather, the assignment of M. Melnick's rights is limited to the right to receive payments directly from plaintiffs for work on the project.
As for the motion for reargument, Supreme Court properly reinstated the mechanics' liens and the counterclaims for foreclosure of those liens, which had been dismissed on plaintiff's motion for summary judgment. M. Melnick's foreclosure counterclaims allege that plaintiffs owe money for work that M. Melnick performed under the takeover agreement, and plaintiffs did not provide any proof to show otherwise (see Lien Law § 4[1]). Thus, plaintiffs did not sustain their prima facie burden of establishing entitlement to dismissal of the foreclosure counterclaims, as there are issues of fact as to whether there are funds to which the liens could attach (see Kamco Supply Corp. v Nastasi & Assoc., Inc., 216 AD3d 458, 458 [1st Dept 2023]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 13, 2025